*R. R. Marlin* and *W. H. Gurr,* for plaintiff in error.
*R. R. Jones,* contra.

WILLIE *v.* HINES-YELTON LUMBER COMPANY *et al.*

884

No. 6634.   FEBRUARY 28, 1929.

*M. C. Barwick,* for plaintiff.

*J. B. & T. R. Burnside,* for defendants.

RUSSELL, C. J.   This is the second appearance of this case before this court. In the former adjudication (163 *Ga.* 64, 135 S. E. 505) the exception was to the refusal of the judge to grant an interlocutory injunction restraining the defendant from cutting timber on described lands to which the plaintiff claimed title.   The defendant defended on the ground that it held a timber lease from the common grantor of the parties, which was superior to the title acquired by the plaintiff subsequently to the execution and record of the timber lease.   The bill of exceptions in the former case, in which the plaintiff was represented by the same counsel as now present the bill of exceptions under review, recited that "It was admitted that the sole question presented to the court was as to the superiority of the title in the contending parties," and that the court rendered "a judgment dissolving the temporary injunction and refusing to continue the same, upon the ground that Hines-Yelton Lumber Company had superior title

to the timber." The plaintiff excepted to the judgment on the ground that it was contrary to law and the evidence, and "that the undisputed evidence demanded a finding that the title of plaintiff was superior." In that case the timber lease now under attack was admitted in evidence without objection as to the validity of its execution or recordation, the plaintiff insisting only that the power contained in the will under which Chamblin, the lessor, acted did not authorize him to lease the timber. This court held that the judgment refusing to enjoin the cutting of the timber was proper.

In the trial of the case before a jury, out of which the present bill of exceptions arose, the defendant lumber company offered in evidence the timber lease under which it claimed the timber in controversy and the right to cut the same. The lease bore date of July 5, 1922. Upon the introduction of this lease the plaintiff filed an affidavit of forgery thereof. It appears that the record of the lease in the clerk's office showed it to bear date of "July 5, 1912," and that an "extra 2" had been written into the date with a pen. It is not clear from the evidence which is the "extra 2," but it may be presumed from the circumstances that it was the first "2" in "22" which was written with a pen. Upon the trial of the issue of forgery the evidence clearly showed that the lease was in fact executed in 1922. The defendant, in addition to the positive testimony of witnesses to the deed that such was the time when the lease was executed, introduced evidence to show that there was no such organization as the "Hines-Yelton Lumber Company" in 1912. The witness Pollard testified that the attestation clause of the lease bore the date "July 5, 1922. I know, because I wrote that date in there, and that is the date the paper was signed before me." This testimony refers to the probate of the lease, as will hereinafter appear. There was no direct evidence as to the date written in the deed at the time it was left for record, other than that which it bears at present, to wit, the date of July 5, 1922. Various witnesses for the defendant testified that they had had custody of the lease for periods of time since the defendant received the same, and that they had made no change in the date thereof. Such testimony covered the space of time from 1922 to the date of the trial, except that a witness swore that the lease had been in his possession until he turned it

over to the defendant's attorneys, and the attorneys did not testify that they had made no·alteration in the lease. In the trial the court admitted, over the objection of plaintiff's counsel, a check dated July 5, 1922, payable to W. L. Chamblin, for $600, and signed Hines-Yelton Lumber Co., By S. A. Bennett, same bearing the indorsement of W. L. Chamblin, as well as others. Chamblin, the lessor, testified that he was paid for the timber by check but did not "know if that is it. · That looks like my signature." The objection urged against the admission in evidence of the ·check was that it "was irrelevant and immaterial to any issue in the case, and could not in any way illustrate the question as to whether the original timber lease was first written in '1912' or '1922'." The jury returned a verdict finding the lease to be genuine. The plaintiff moved for a new trial on the general grounds, and assigned error upon the admission of the check over the objections set forth above. The motion was overruled, and the plaintiff excepted.

Even if it be conceded that the correction of the date of a deed so as make it speak the truth would constitute a forgery, we think the evidence was sufficient to authorize the verdict finding the deed to be genuine. As is shown by the evidence, it is undisputed that the lease or deed was in fact executed in July, 1922. This of itself would afford a strong presumption that it bore date of 1922. Those who had been in possession of the paper testified that they had made no alteration of the date. At present it bears date as of July 5, 1922. If the jury believed the testimony that there had been no alteration, they could have not found otherwise than they did.· The check introduced·in evidence by· the defendant was payable to the lessor in the timber lease, was for the exact sum set forth as the consideration of the lease, and bore the identical date set forth in the lease, and was drawn on the account of the lessee in the lease of which the date was attacked as a forgery. This was a strong circumstance tending to show that the date of the lease was in truth 1922, and not 1912. It is true, that the plaintiff excepted to the admission of this check in evidence, upon the grounds stated above. However, we think the check clearly admissible. In carrying the burden imposed upon it by the presentation of the affidavit of forgery, the defendant was not restricted to direct evidence to prove the validity of its lease, but could also

rely upon circumstantial evidence. *Bentley* v. *McCall,* 119 *Ga.* 530 (2), 532 and cit. As stated, the date, amount, payee, and drawer of the check corresponded with the terms of the timber lease, and this was a circumstance which the defendant was entitled to present to the jury. As opposed to the testimony above set forth, the plaintiff contends that the clerk of the superior court was presumed to have done his duty and correctly recorded the lease, and therefore that the date 1912, as shown by the record of the lease, must be accepted as the true date the same bore when recorded. The official acts of the clerk enjoy the presumption as stated by counsel; but this legal supposition may be rebutted, and this we think the defendant sufficiently did in this instance.

In the trial of the case upon the general issue "it was admitted that plaintiff and defendant both claimed under Mamie J. Chamblin [the wife of W. L. Chamblin], and that she died in July, 1920, and that the muniments of title of both plaintiff and defendant covered the real estate described in the petition." The sole issue was as to the superiority of title of the respective parties,—the plaintiff under warranty deed with no exception or reservation, and the defendant under its lease dated July 5, 1922, prior to any conveyance to plaintiff's predecessors in title, but appearing on the record of deeds as dated July 5, 1912. It does not appear from the record before us when the lease was recorded in the clerk's office, but no point is raised as to this, and the case is argued as though it is conceded that the lease was recorded prior to any conveyance to the plaintiff. The jury returned a verdict for the defendant. The plaintiff moved for a new trial upon the three general grounds, and by amendment to the motion assigned error upon the admission in evidence of the timber lease in question. The portion of the lease necessary to an understanding of the error complained of is as follows: The lease or deed is captioned "Georgia, Columbia County," and dated July 5, 1922, and conveys from W. L. Chamblin to Hines-Yelton Lumber Company all the timber upon the described property for a consideration of $600, and grants the right to enter upon said land and remove said timber at all times within five years from date thereof, with privilege of renewal after the expiration of the above term of years upon payment of $36 per year of such extension. The instrument

concludes: "In witness whereof, we have set our hands and seals the day and year first above written.

"Witnesses to party of the first part: '

J. E. Eubanks

D. T. Fuller              W. L. Chamblin     L. S.

"Witnesses to party of the second part:

G. B. Pollard            Hines Yelton Lumber Co.

A. S. Yelton             By W. J. Hines     L. S.

"The State of Georgia, Columbia County.

"Personally appeared before me J. E. Eubank, who being duly sworn, says that he saw the within named W. L. Chamblin sign, seal, and, as his act and deed, deliver the within written agreement, and that he with D. T. Fuller witnessed the execution thereof.

J. E. Eubank.

"Sworn to before me this 5th day of July, 1922.

"G. B. Pollard, N. P. Ex Off J. P. 129 Dist. G. M."

"The State of Georgia, Columbia County.

"Personally appeared before me J. E. Eubank, who being duly sworn, says that he saw the within named W. J. Hines, as agent of Hines-Yelton Lumber Co., sign, seal, and, as the act and deed of said Hines-Yelton Lumber Co., deliver the written agreement, and that with D. T. Fuller [he] witnessed the execution thereof.

J. E. Eubank.

"Sworn to before me this 5th day of July, 1922.

"G. B. Pollard, N. P. Ex Off J. P. 129 Dist. G. M."

The objection urged to the admission of the instrument was "that it is an instrument signed by two parties. As to one of them, the second party, there is no attempt to probate it at all by either of the witnesses named, as having witnessed the paper. As to the probate attempted to be made, the same is not properly probated so as to make it entitled to record and become notice to any one. Because the execution of it has never been proven. Because said written contract or deed is irrelevant and immaterial. Because no proper affidavit is made as to the execution of said deed or contract, to authorize the clerk of the superior court to record the same." The judge overruled the motion for a new trial, and exception is taken to this judgment.

The controlling point presented by the motion for a new trial on the main issue in the case is whether the timber lease was

properly witnessed and probated so as to entitle it to record. The execution of the lease could not be again drawn in question after the determination of the question of forgery vel non. *Strickland* v. *Babcock Lumber Co.*, 142 *Ga.* 120 (82 S. E. 531), and cit. Was the lease properly probated, or probated in such manner as to authorize the clerk to record it? Section 4205 of the Code provides: "If a deed is neither attested by, nor acknowledged before, either of the officers aforesaid, it may be admitted to record upon the affidavit of a subscribing witness, before either of the above-named officers, testifying to the execution of the deed and its attestation according to law. A substantial compliance with this requisition shall be held sufficient, in the absence of all suspicion of fraud." Do the affidavits probating the instrument in the present case constitute a substantial compliance with the provisions of the Code? As to the witnesses to the signing, sealing, and delivering of the lease or deed by the lessor or grantor therein, Chamblin, we have no hesitation in holding that the affidavit of the subscribing witness Eubanks is sufficient. The only question raised to the validity of this affidavit is that the officer before whom the same was taken did not state that the affiant "subscribed" the same before him. It will be noted that he states the same was "sworn to before" him, and, according to the record, Eubanks' signature appears to the affidavit. In these circumstances, and in view of the terms of section 4205, supra, we do not feel constrained to hold that the affidavit is in fact not an affidavit for lack of the statement that the same was "subscribed" before the officer administering the oath. It follows that in so far as Chamblin is concerned the instrument is properly probated and was entitled to record. Even if under the form in which the instrument was drawn Eubanks and Fuller could be considered as subscribing witnesses only to the signature of Chamblin, and therefore Eubanks could not be considered a subscribing witness to the signature of party of the second part, and therefore not authorized to make the affidavit attempted (see *Dodge* v. *American Freehold Co.*, 109 *Ga.* 394, 397, 34 S. E. 672), still as to Chamblin, through whom the plaintiff claims, the instrument was properly recorded and was sufficient to give any later purchaser from Chamblin constructive notice of the conveyance. Though the instrument is signed by both of the parties thereto, the signing of the same by Hines-Yelton

Lumber Company was wholly unnecessary to secure for either party the fulfilment of the obligations of the lease.

In support of the objection of irrelevancy, urged against the admission in evidence of the timber lease or deed, counsel argues that as the evidence shows that the lessee, Hines-Yelton Lumber Company, was a partnership, while the defendant in this action, though having the same name, is shown to be a corporation, and no transfer of title is shown, and no connection between the partnership and the defendant corporation is disclosed, the lease is irrelevant and inadmissible and permits the defendant to plead a paramount outstanding title in a case where the parties claim under a common grantor. The case of *Greenfield* v. *McIntyre,* 112 *Ga.* 691, 694 (38 S. E. 44), is cited as authority for this proposition. The ruling in that case is not authority for the argument now advanced. It was there ruled that where the parties claim under a common grantor the defendant would not be permitted to show an outstanding title better than that of the common grantor, without connecting himself with that better title. That ruling does not cover the conditions of this case. Here the defendant, which claims to own the timber, merely seeks to prove that the plaintiff has no title to the timber involved, for the reason that the common grantor himself has conveyed the superior title to such timber to another. Here no attack is made upon the title of the common propositus, but rather an assertion that as concerns the timber on the premises the plaintiff is without title from the common grantor. As is well stated in Powell on Actions for Land, 473, "If it appears that the plaintiff and the defendant both claim under a common grantor, . . that common grantor will, for the purposes of the case, be treated as a true and original source of title; and the plaintiff may recover by showing legal title and right of entry as derived from that source; and the defendant will not be permitted to defeat the plaintiff's case by showing a paramount title outstanding in a third person with whom he does not connect himself; but he may show that the common grantor himself conveyed the property to one holding a title superior to that of the plaintiff, thus showing that the plaintiff is without title as derived from the common source." We conclude, for all of the reasons above set forth, that the court did not err in admitting the lease in evidence.

Counsel for plaintiff argues that, even if it be held that the timber contract was properly admitted in evidence, the verdict is contrary to the evidence, because the plaintiff is not shown to have had actual knowledge of the instrument and the constructive notice given by the record is that the lease expires five years from date, shown by the record to be July 5, 1912, which would have expired prior to the purchase of the premises by the plaintiff. This argument seeks to hold the grantee or lessee responsible for the failure of the clerk to properly copy the timber deed in recording the same (as found by the jury in determining the question of forgery). Such is not the law. "Since the act of 1889 [Acts 1889, p. 106] the actual copying of a deed is not essential either to admit it in evidence without proof of its execution or to give the grantee the protection of the registry acts. The filing for record is all that is necessary. Since the passage of the act named, a deed takes effect, as against the interests of third persons without notice, from the time it is 'filed for record in the clerk's office; and the said clerk is required to keep a docket of such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office.' Civil Code [1895], § 2778 [1910, § 3320]. Under this section of the code, all that is required of the grantee and all that he can do is to file his deed for record. The actual recording is the duty of the clerk, and the statute does not contemplate that a failure on the part of the clerk to perform this duty or an erroneous performance of it shall operate to defeat the grantee who has properly filed his deed." *Durrence* v. *Northern Nat. Bank,* 117 *Ga.* 385, 386 (43 S. E. 726); *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111).

The evidence amply authorized the verdict, and the refusal of the court to grant a new trial was not error.

*Judgment affirmed. All the Justices concur.*