[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16105

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-00079-CV-RWS-1, 06-66024 BKC-CR

IN RE:

HONG JU KIM,

Debtor.

_____

NEIL C. GORDON,  Chapter 7 Trustee for the
Estate of Hong Ju Kim,

Plaintiff-Appellee,

versus

TERRACE MORTGAGE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2009)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

Terrace Mortgage Company, LLC ("Terrace"), appeals the district court's order affirming the bankruptcy court's grant of summary judgment in favor of Neil C. Gordon ("Trustee"), the Chapter 7 Trustee for the Estate of Hong Ju Kim, allowing the Trustee to use his strong arm power to avoid the lien created by Terrace's security deed (the "Security Deed") because the Security Deed was defective. Terrace also appeals the denial of Terrace's motion for summary judgment.[1] The bankruptcy court deemed the Security Deed defective because the attestation page failed to include a notary seal; therefore, the Security Deed would not constitute constructive notice to subsequent bona fide purchasers under section 44-14-33 of the Georgia Code Annotated. Accordingly, the bankruptcy court determined that the lien created by the Security Deed was avoidable by the Trustee pursuant to the Bankruptcy Code at 11 U.S.C. § 544(a).

First, Terrace contends that the bankruptcy court erred in granting summary judgment in favor of the Trustee because additional language in § 44-14-33, added by a 1995 amendment, indicates that, despite the failure to include a notary seal on the attestation page, the Security Deed was sufficiently recorded to provide constructive notice to a subsequent bona fide purchaser. In the alternative, Terrace

---

[1] The district court adopted the bankruptcy court's decision.

contends that the bankruptcy court erred by concluding that the closing attorney's Affidavit (the "Affidavit"), attached to and incorporated into the Security Deed, failed to satisfy the remedial provisions necessary to cure an improperly attested deed under section 42-2-18 of the Georgia Code Annotated.

We need not interpret the amended language in § 44-14-33 because, even assuming arguendo that the Security Deed was defective because it lacked a notary seal, the Affidavit either complied, or at a minimum, substantially complied with the remedial provisions of § 44-2-18, thus curing the alleged defect. Therefore, we reverse the orders of the courts below granting the Trustee's motion for summary judgment and denying Terrace's motion for summary judgment.

## I. FACTS

On April 24, 2005, Hong Ju Kim (the "Debtor") took out a loan with Terrace and gave Terrace the Security Deed granting Terrace a security interest in her condominium in DeKalb County, Georgia to secure the loan. The Security Deed was recorded in DeKalb County on May 10, 2005. The Debtor filed for bankruptcy on May 30, 2006.

The Security Deed was recorded along with a Condominium Rider, an Adjustable Rate Rider, and a single page document including a Waiver of Borrower's Rights Rider and the Affidavit. The Security Deed was signed by the

Debtor, an unofficial witness, and by the closing attorney who was indicated as being a notary public. However, the attestation failed to include a notary seal.[2] The Waiver of Borrower's Rights Rider—appearing on the same page as the Affidavit—states that the provisions of the Rider are "incorporated into and made part of the Security Deed." The Affidavit states that the attorney reviewed with and explained to the Debtor her rights and the lender's rights, and after such review, the "[Debtor] executed the Security Deed and 'Waiver of Borrower's Rights.'" The Affidavit includes the closing attorney's signature, the signature of a separate notary public, and the notary's seal.

The Trustee filed an adversary proceeding in the bankruptcy court seeking to avoid the Security Deed as patently defective because the Security Deed lacked an official witness due to the failure to include a notary seal on the attestation page. Therefore, the Trustee argued, the Security Deed failed to provide constructive notice to subsequent bona fide purchasers. Terrace moved for summary judgment, and the Trustee filed a cross-motion for summary judgment. The bankruptcy court granted the Trustee's motion for summary judgment and denied Terrace's motion. The bankruptcy court held that the failure to include a notary seal in the attestation

---

[2] A notary public is one type of officer authorized to attest to a security deed as an official witness. See Ga. Code Ann. § 44-2-15.

made the Security Deed defective and inadequate for constructive notice under §

44-14-33, and that the Affidavit did not satisfy the requirements to cure the defect

under § 44-2-18. Accordingly, the bankruptcy court held that the lien created by

the Security Deed is avoidable by the Trustee pursuant to section 544(a) of the

Bankruptcy Code.

The district court affirmed the decision of the bankruptcy court, adopting its

analysis and conclusions. This appeal follows.

## II. STANDARD OF REVIEW

This Court, as a second court of review in the bankruptcy context, applies the

same standards of review as the district court. IBT Int'l, Inc. v. Northern (In re

Int'l Admin. Servs., Inc.), 408 F.3d 689, 698 (11th Cir. 2005). This Court reviews

a grant or denial of summary judgment de novo. Holloman v. Mail-Well Corp.,

443 F.3d 832, 836 (11th Cir. 2006). The issue before us presents a question of law.

## III. DISCUSSION

For the purpose of this appeal, we assume arguendo without deciding that

the omission of the seal is a defect which would preclude constructive notice[3] to a

---

3      The issue of constructive notice is critically important in the Chapter 7 bankruptcy context because a trustee may avoid a lien on real property if a hypothetical bona fide purchaser could have taken an interest greater than that held by the lienholder pursuant to 11 U.S.C. § 544(a); the failure to provide constructive notice would present such a circumstance. The Bankruptcy Code places the trustee in the status of a bona fide purchaser. See 11 U.S.C. § 544(a)(3).

5

subsequent bona fide purchaser under § 44-14-33.[4] We focus on Terrace's second

argument that, even if the notary seal were necessary under § 44-14-33, the

Affidavit filed with the Security Deed cured the defect pursuant to the remedial

provisions of § 44-2-18.

The remedial provision states:

If a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in Code Section 44-2-15 and shall testify to the execution of the deed and its attestation according to law. A substantial compliance with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud.

Ga. Code Ann. § 44-2-18 (emphasis added).[5] The statute is remedial, and the

---

[4] Terrace's first argument is that the failure to include a notary seal does not destroy constructive notice under the recording statute because of language added to the statute in 1995. The statute reads:

In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness. In the absence of fraud, if a mortgage is duly filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers.

Ga. Code Ann. § 44-14-33 (emphasis added to identify the language added by the 1995 amendment). Terrace's argument in essence is that the additional language should be interpreted to mean that a recorded security deed—in the absence of fraud—constitutes constructive notice despite technical defects or omissions in the attestation. We need not address or decide this issue. Instead, we assume arguendo that the omission of the seal is a defect which would, except for § 44-2-18 discussed below, preclude constructive notice.

[5] There does not appear to be any allegation or suspicion of fraud.

language of the section allowing for "substantial compliance" suggests a liberal construction. Furthermore, the Georgia Supreme Court has indicated that an affidavit of a subscribing witness need not be perfect in order to substantially comply with § 44-2-18. See Willie v. Hines-Yelton Lumber Co., 146 S.E. 901, 904 (Ga. 1929) (determining that the court was not "constrained to hold that the affidavit [was] in fact not an affidavit for lack of the statement that the same was 'subscribed' before the officer administering the oath" and holding that the affidavit substantially complied with the statute for proper recordation and to provide constructive notice to any subsequent purchaser).

The Affidavit was filed with the Security Deed and states in pertinent part:

> In closing the above loan, but prior to the execution of the Security Deed and 'Waiver of Borrower's Rights' by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the 'Waiver of Borrower's Rights' and informed the Borrower(s) of Borrower's rights . . . . After said review with and explanation to Borrower(s), <u>Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights</u>.

(emphasis added). The Affidavit was signed by the closing attorney and witnessed by a notary public, and the document contains the notary's seal. The bankruptcy court acknowledged that § 44-2-18 provided a "safety valve" for overcoming errors in attestation. However, the bankruptcy court noted that § 44-2-18 requires that the

7

subscribing witness must testify to the execution <u>and</u> to the attestation of the deed. The court held that the Affidavit only testified to the execution of the Security Deed and failed to address the issue of attestation.

We disagree with the bankruptcy court. We hold that the bankruptcy court erred in concluding that the Affidavit failed to satisfy both prongs of § 44-2-18. At a minimum, we conclude that the Affidavit substantially complies with the requirements of § 44-2-18. The bankruptcy court was correct in concluding that the Affidavit testifies to the execution of the Security Deed as is evident from the clear language in the Affidavit, but we believe that the Affidavit also testifies to the attestation of the Security Deed.

Several reasons lead us to conclude that the bankruptcy court was incorrect in holding that the Affidavit does not testify to the attestation of the Security Deed. The document that contains the Affidavit was incorporated into the Security Deed by specific language in the Waiver of Borrower's Rights Rider that appears on the same page as the Affidavit.[6] The Security Deed into which said document was incorporated is identified as the Security Deed at issue dated April 25, 2005,

---

[6] The Waiver of Borrower's Rights Rider states that the Grantor "[a]grees that the provisions hereof are incorporated into and made a part of the Security Deed." This document was attached to the Security Deed and appeared only four pages after the attestation page in the Security Deed.

8

executed by Hong Ju Kim securing the loan from Terrace, and the document was recorded along with the Security Deed in the deed book. Similarly, the Security Deed itself (in its definition section) expressly incorporates all attached Riders, including expressly the "Waiver of Borrower's Rights/Closing Attorney Affidavit." It is thus clear that the Affidavit was specifically incorporated into and became part and parcel of a single document comprising, inter alia, the Security Deed and the Affidavit, all of which were recorded together in the deed book.

The attestation page of the Security Deed, signed by Hong Ju Kim, an unofficial witness, and a notary public (the closing attorney), appears in the deed book only four pages prior to the Affidavit. Although the attestation page does lack a notary seal, the Affidavit is signed by the closing attorney and a separate notary public, and it contains a proper notary seal.[7] As quoted above, the Affidavit refers specifically to the "above loan" and states that the borrower executed this

---

[7] The Trustee contends that Stone v. Decatur Fed. Sav. & Loan Ass'n (In re Fleeman), 81 B.R. 160 (Bankr. M.D. Ga. 1987) supports the argument that the Affidavit does not cure the error in attestation. In Stone, the court held that a properly attested rider only signifies that the individual witnessed the execution of that particular document, and, even if the rider is incorporated into the terms of the deed, it does not provide substitute attestation to the deed under § 44-14-33. 81 B.R. at 162-63. Stone is simply not on point because it only addresses whether the attestation in a rider satisfies the attestation requirement of the deed under § 44-14-33. Stone does not address whether an affidavit from a witness that specifically testifies to the execution of the actual security deed at issue satisfies the remedial requirements under § 44-2-18. We are not holding that the attestation or the notary's seal on the Affidavit substitutes for the necessary attestation in the Security Deed. We are holding that the Affidavit meets the requirements under § 44-2-18 to cure a defective attestation and that the Affidavit testifies to both the execution and the attestation of the Security Deed as required by the statute.

particular Security Deed.

The Trustee argued that the Affidavit did not satisfy the second prong of § 44-2-18 because it refers only to the execution of the Security Deed but not its attestation.[8] We reject this argument. By testifying to the execution of this particular Security Deed, which is part and parcel of the same Security Instrument recorded in the deed book, the closing attorney was in effect testifying that the Security Deed was executed by Hong Ju Kim and witnessed by an unofficial witness and the closing attorney (the closing attorney was the notary public on the attestation page). In other words, in the Affidavit, the closing attorney testified to a certain fact, and that fact was the execution of this particular Security Deed with its attestation; that fact, with its attestation detail, was clear and obvious a mere four pages earlier in the deed book recording of the single document comprising, inter alia, the Security Deed and the Affidavit.

For the foregoing reasons, we think that the closing attorney actually

---

[8] At oral argument, the Trustee's counsel argued that the Affidavit did not satisfy § 44-2-18 because the Affidavit served a purpose other than to cure the defect in the attestation page. The fact that the Affidavit serves another function is irrelevant. The Affidavit contains the necessary language to cure the defect under § 44-2-18. There is nothing in the statute suggesting that an affidavit that cures a defect must only serve that purpose. The Trustee also argues that the Affidavit does not specifically identify the security deed to which it refers or the property. This argument is frivolous as the Affidavit is part of the last page of the Security Instrument, a single document consisting of the Security Deed and the Riders, recorded together in the deed book. It is obvious that the Affidavit is referring specifically to the Security Deed at issue in this case.

testified to both prongs required by § 44-2-18 in the Affidavit, but if there were any doubt in this regard, the Affidavit certainly constitutes "substantial compliance with the requirements of this Code section," which is all that is required to cure the defect caused by the absence of the notary seal on the Security Deed's attestation page. See Ga. Code Ann. § 44-2-18; Willie, 146 S.E. at 904. We believe that our decision is in full compliance with the remedial purpose of § 44-2-18, in addition to the letter and the spirit of § 44-2-18 and Georgia recording law generally. That is, it is obvious that any subsequent bona fide purchaser who examined the title to this real estate would be aware of the lien created by the Security Deed at issue.

We hold that the bankruptcy court erred in granting the Trustee's cross-motion for summary judgment and denying Terrace's motion for summary judgment, and that the district court erred in affirming.

## IV. CONCLUSION

The judgment of the courts below, granting summary judgment in favor of the Trustee, is reversed, and the case is remanded with instructions to enter summary judgment in favor of Terrace.

REVERSED and REMANDED.

11